IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | 4:18CR00004-01  SWW |
| | * | 4:21CV00031 SWW |
| DEMETRIUS CRUTCHFIELD | * | |

# ORDER

On August 13, 2019, Defendant Demetrius Crutchfield waived indictment and pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), as charged in the superseding information. On December 17, 2019, the Court sentenced him to sixty months' imprisonment, followed by three years' supervised release. Crutchfield appealed, arguing that the Court erred in denying a motion to suppress and imposing a four-level enhancement at sentencing. The Eighth Circuit affirmed. *United States v. Crutchfield*, 979 F.3d 614, 617 (8th Cir. 2020). Before the Court is Crutchfield's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 85]. After careful consideration, and for reasons that follow, the motion is denied.[1]

---

[1] The Court finds that an evidentiary hearing is unnecessary, because "the motion and the files and records of the case conclusively show that [Crutchfield] is entitled to no relief." 28 U.S.C. § 2255(b).

1

I.

The indictment in this case, entered January 9, 2018, charged Crutchfield with two counts under 18 U.S.C. § 922(g)(1).  Subsequently, the Supreme Court decided *Rehaif v. United States*, ––– U.S. ––––, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), holding that in prosecuting unlawful-possession-of-firearm crimes under § 922(g), the government must prove that the accused knew both that he possessed a firearm *and* that he belonged to the relevant category of persons prohibited from doing so.  Contrary to *Rehaif*, the indictment against Crutchfield, filed before the *Rehaif* decision, did not allege that he had knowledge of his status as a felon.  However, Crutchfield waived the right to prosecution by indictment and pleaded guilty to a superseding information that charged a single count under § 922(g)(1) and specifically alleged that he knowingly possessed a firearm, while knowing that he had been convicted of one or more felonies.

At the start of Crutchfield's change of plea hearing held August 13, 2019, the Court inquired whether he had received a copy of the indictment and the superseding information and whether he had discussed the charges with his attorney.  Crutchfield answered, "Yes."  The Court then informed Crutchfield that the Government believed that a superseding information was necessary based on a recent Supreme Court decision, holding that the prosecution must prove that the accused "actually knew" that he had been convicted of a felony when he possessed

the firearm. After explaining the reason for the superseding information and the Government's burden to prove knowledge of prohibited status, the Court asked Crutchfield whether he understood, and he answered, "Yes." The Court then asked Crutchfield whether he had any questions about "adding this new element to the offense," and Crutchfield answered, "No."

Next, Crutchfield affirmed that he wanted to waive his right to prosecution by indictment and that he did so with full knowledge of the consequences, and he signed a waiver of indictment. Finally, after being fully advised of the nature of the crime, Crutchfield pleaded guilty to the single charge set forth in the superseding information, and the Government dismissed the indictment.

## II.

Crutchfield asserts that pursuant to the Supreme Court's decision in *Rehaif v. United States*, ⸺ U.S. ⸺, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), the statute of conviction is invalid, the Court lacked jurisdiction, his guilty plea was defective, and his conviction is void. Crutchfield also claims that he received ineffective assistance of counsel because his attorney coerced him into agreeing to an unconstitutional plea agreement.

**A. Rehaif Claims**

Crutchfield first argues that *Rehaif* rendered the statute of conviction

invalid and unconstitutional. To the contrary, *Rehaif* only clarified "'what the statute had meant continuously since the date when it became law." *United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020) (quoting *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 n.12, 114 S. Ct. 1510, 128 L.Ed.2d 274 (1994)).

Second, Crutchfield argues that *Rehaif* rendered the Court's jurisdiction in this case void from the beginning. Crutchfield confuses the lack of subject matter jurisdiction with the failure to allege elements of a crime, and his argument is without merit. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002) (explaining that "defects in an indictment do not deprive a court of its power to adjudicate a case").

Third, Crutchfield argues that the Government constructively amended the indictment, which was defective under *Rehaif*. The constructive amendment of an indictment violates the Fifth Amendment right to be charged by a grand jury, and it occurs when an essential element of the charged crime is altered such that the defendant is convicted of an offense other than the one charged in the indictment. *United States v. Gill*, 513 F.3d 836, 849 (8th Cir. 2008) (citing *Stirone v. United States,* 361 U.S. 212, 217, 80 S. Ct. 270 (1960)). No such error occurred in this case. Instead, Crutchfield expressly waived his right to prosecution by indictment as required under Rule 7(b) of the Federal Rules of Criminal Procedure,[2] and he

---

[2] Rule 7(b) provides:

voluntarily and knowingly pleaded guilty to a superseding information that set forth all elements of the crime charged in compliance with *Rehaif*.

Crutchfield's guilty plea was entered in compliance with Rule 11 of the Federal Rules of Criminal Procedure, and by pleading guilty, he waived all non-jurisdictional defects that occurred before entry of the plea. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007) ("A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses."). Each of Crutchfield's claims are non-jurisdictional and thus waived.

Furthermore, Crutchfield failed to raise his *Rehaif* claims on direct appeal, and to pursue them now, he must show either cause for procedural default and actual prejudice, or actual innocence. *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, (1998)). Crutchfield does not claim actual innocence. Nor can he show prejudice, as he cannot plausibly deny that he was ignorant of his status as a convicted felon at the time of the offense. Crutchfield's presentence report shows

---

> An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant--in open court and after being advised of the nature of the charge and of the defendant's rights--waives prosecution by indictment.

Fed. R. Crim. P. 7(b).

that prior to committing the crime charged, he had served over a year in prison on at least one felony conviction. *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (finding that, following *Rehaif*, the defendant could not show his substantial rights were affected because he had previously "received and served several prison sentences longer than one year for felony convictions").

### Ineffective Assistance of Counsel

Crutchfield claims that his attorney coerced him into pleading guilty and that he repeatedly expressed to counsel his "lack of knowledge of his prohibited status." To establish ineffective assistance of counsel, Crutchfield must prove both (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984). "Where a guilty plea is challenged under the second prong of the *Strickland* test the 'defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial.'" *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 370, 88 L.Ed.2d 203 (1985)).

Crutchfield's claim is flatly contradicted by representations he made during the change-of-plea hearing. Without reservation, he acknowledged that he had

fully discussed the case with his attorney and that he was completely satisfied with his counsel's advice. The record discounts Crutchfield's claim that his attorney coerced him into pleading guilty and demonstrates that he was fully informed of the elements of the crime to which he pleaded guilty and that his plea was knowing and voluntary. Crutchfield's allegations fail to overcome the strong presumption of truth that attached to the statements he made in open court, and he is unable to show ineffective assistance that prejudiced his defense. *See Nguyen,* 114 F.3d 699, 703-704 (8th Cir. 1997).

### III.

For the reasons stated, Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 85] is DENIED.

IT IS SO ORDERED THIS 16TH DAY OF MARCH, 2021.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE