IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **V.** | * | **4:18CR00004-01  SWW** |
| | * | |
| **DEMETRIUS CRUTCHFIELD** | * | |

## ORDER

Before the Court is Defendant Demetrius Crutchfield's *pro se* motion for return of property (*Doc. 110*) and the United States' response. *Doc. 113*. After careful consideration, and for reasons that follow, the motion is denied.

Defendant states that has made several attempts for the return of items "such as DVD's, SD cards, Sim cards, cell phone, and all other confiscated belongings not forfeitable." *Doc. 110 at 1*. He states that that attempts "were made on several occasions since the beginning with the courts and [his] then attorney . . . ." *Id*. Defendant *does not* allege that his property is or has ever been in the possession of the United States, but he contends that the Court is nevertheless bound to hold a hearing to determine the location of his property and who has the right to possess it.

The Court takes judicial notice that Mr. Crutchfield was originally charged in state court on drug and firearm charges, but after he was charged in this federal case, the state charges were dismissed. *State of Arkansas v. Crutchfield*, No. 47BCR-17-173 (Cir. Ct. Mississippi Cnty., Ark.).  On August 13, 2019, Mr. Crutchfield waived

indictment in this case and pleaded guilty to a superseding information, charging him with being a felon in possession of a firearm. *Doc. 61, 62*.

In response to the pending motion, the United States reports that the items listed by Mr. Crutchfield were seized by the Blytheville Police Department pursuant to a search warrant and have *never* been in federal custody. In addition, the United States reports that it made inquiries with the Blytheville Police Department to determine whether any of the items are still in the state agency's custody, but it has received no answer.

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"To succeed on a Rule 41(g) motion, [the movant] must show that he is entitled to lawfully possess the property at issue, *and that the Government has or had the property*." *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020) (citing *United States v. Bailey*, 407 F. App'x 74, 75 (8th Cir. 2011) (emphasis added). Here, Mr. Crutchfield does not allege that the United States had any involvement in seizing his property, or that the United States ever had actual or constructive possession of his property. Given the absence of any allegation or

factual dispute that the United States has ever possessed Mr. Crutchfield's property, the motion will be denied without a hearing.

IT IS THEREFORE ORDERED that Defendant's motion for return of property (*Doc. 110*) is DENIED.

Dated this 19th day of September, 2022.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE
